COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


CONRAD E. KONECZNY

v.         Record No. 1275-94-4          MEMORANDUM OPINION*
                                              PER CURIAM
MARIE A. KONECZNY                          DECEMBER 19, 1995


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Thomas A. Fortkort, Judge

            (Douglas W. Napier; Napier, Napier & Silek, on brief),
            for appellant.

            (Richard J. Colten; Elizabeth D. Teare; Surovell,
        Jackson, Colten & Dugan, on brief), for appellee.



        Conrad E. Koneczny (husband) appeals the decision of the

circuit court finding him in contempt and ordering him to pay

$31,451.53 to Marie A. Koneczny (wife) within 180 days.  Husband

argues that there was no evidence he willfully violated the

court's decree and that wife's failure to present house repair

bills to him demonstrates that there was insufficient evidence to

justify a finding of contempt.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

        By order dated March 13, 1995, this Court remanded this

matter to the trial court to take whatever action was required by

Rules 5A:8(c)(2) and (d).  By letter dated May 2, 1995, the trial

--------------------------------------------------------------

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

judge certified and forwarded to this Court a written statement of facts. The written statement provides us with a record sufficient to address the questions raised in husband's appeal.

The decision of the trial court is presumed correct and the burden is upon the party seeking to reverse the court's decision to prove that the decision was erroneous. Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991). Husband and wife entered into a Property Settlement and Support Agreement (Agreement) which was incorporated into the parties' 1988 final decree of divorce. Under the terms of that agreement, husband agreed to pay wife monthly spousal support in the amount of $1,400 and agreed to share half the costs of repairs on the former marital residence.

Husband admits that he had failed to pay spousal support, but alleges that there was no showing of bad faith to warrant a finding of contempt. However, "'[t]he absence of wilfulness does not relieve from civil contempt.'" Leisge v. Leisge, 224 Va. 303, 309, 296 S.E.2d 538, 541 (1982) (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949))."Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree [is] not fashioned so as to grant or withhold its benefits dependent on the state of

2

mind of respondents. . . ."

Id. (citing McComb, 336 U.S. at 191).  Therefore, the trial court was not required to find husband acted in bad faith before holding him liable for the nonpayment of spousal support to wife.

Husband did not object to the admission of wife's list of home repairs.  The trial court determined that $16,146.07 of the total amount of $32,292.15 were for home repairs for which husband was partially liable under the parties' Agreement.  Husband was not responsible for the remaining balance, which the trial court determined were home improvements.  Husband's liability for sharing the repair costs was not conditioned on wife's presentation of bills or documentation.  The trial court was not required to find bad faith in husband's failure to pay his share of these repairs.  See id.  Therefore, because wife presented evidence of repairs for which husband had not paid his share as required under the terms of the final divorce decree, we cannot say the trial court erred in finding husband guilty of civil contempt.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.